### PENNSYLVANIA INDEMNITY CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5608.

Circuit Court of Appeals, Third Circuit.

March 27, 1935.

Francis Chapman, Henry S. Drinker, Jr., and Frederick E. S. Morrison, all of Philadelphia, Pa. (Chapman & Chapman and Drinker, Biddle & Reath, all of Philadelphia, Pa., of counsel), for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Arnold Raum and J. Louis Monarch, Sp. Assts. to the Atty. Gen., for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

The pertinent facts in this income tax case are as follows: The Pennsylvania Indemnity Company acquired in 1930 from its wholly owned subsidiaries certain securities having a then market value of $420,051, which it immediately sold through brokers for $420,732.25. For those securities the taxpayer paid $666,967.37 to its subsidiaries. The sole question is whether the taxpayer has a right to deduct $247,637.29 from its gross income, representing the difference between the amount it paid its subsidiaries and the amount ultimately received from resale. The Tax Board held it had no right to deduct; thereupon the taxpayer took this appeal. We are of opinion no error was committed by the board.

The situation was that the financial standing of the taxpayer's two, wholly owned, subsidiary companies had been, to that extent, impaired by the drop in value of their assets of some $270,000. Evidently with the purpose of restoring such depreciation, the owning company took over the depreciated assets, not at their then market price, but at their original cost price, and immediately sold the same at market price and at a loss of some $246,000. Measured by the ordinary relations of life, it was the old story of a father making good the loss of his son's business and starting him again with an unimpaired capital. The order of the board is affirmed.